## IN THE UNITED STATES DISTRICT COURT
## FOR THE MARYLAND
### (Northern Division – Baltimore)

| | |
|---|---|
| **Sung Hyun JI**<br>207 Shaw Ave<br>Silver Spring, MD 20904,<br><div align="right">Plaintiff,</div><br>-against-<br><br>**True World Foods DC LLC**<br>10640 Iron Bridge Rd<br>Suites 5 & 6<br>Jessup, MD 20794,<br>  **Serve on the resident agent:**<br>CSC-Lawyers Incorporating Service<br>Company<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202,<br><br>**Teiichi Morikawa**<br>10640 Iron Bridge Rd<br>Suites 5 & 6<br>Jessup, MD 20794<br><br>AND<br><br>**Kazumasa Matsuda**<br>10640 Iron Bridge Rd<br>Suites 5 & 6<br>Jessup, MD 20794,<br><div align="right">Defendants.</div> | Civil Action Number: _____<br><br>**JURY TRIAL REQUESTED** |

### COMPLAINT

Plaintiff, Sung Hyun JI, by his attorneys, (Michael) Hyunkweon Ryu and the law firm of Ryu & Ryu, PLC, as and for his Complaint herein, alleges and shows to this Court the following:

### Nature of Action

1.     Plaintiff, a former employee of Defendants True World Foods DC LLC, Teiichi Morikawa and Kazumasa Matsuda,  respectfully submits this Complaint alleging that the two

Defendants intentionally and willfully violated the overtime provisions of the Fair Labor

Standards Act 29 U.S.C. § 201, *et seq.*, (the "FLSA") and the Maryland Wage and Hour Law,

Md. Ann. Code, Labor & Employment, § 3-415(a) (the "MWHL").  Plaintiff is also owed wages

under the Maryland Wage Payment Collection Act (the "MWPCA").  Plaintiff further alleges

that Defendants' failure to pay the regular and overtime wages is willful and intentional.


**Jurisdiction**

2.      This Court has jurisdiction over the federal law claims asserted in this action

under 28 U.S.C. § 216(b) and 28 U.S.C. § 1331, and supplemental jurisdiction over the state

Labor and Employment law claims herein, as they form part of the same case and controversy as

the federal claim.

**Venue**

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendants have

their place of business in this District, and the unlawful acts occurred herein.

**Parties**

4.      Plaintiff was at all times relevant hereto an employee of Defendants.

5.      Plaintiff was at all times relevant hereto an individual employed in the State of

Maryland by Defendants.

6.      Plaintiff was at all times relevant hereto resided in the State of Maryland.

7.      Plaintiff was at all times relevant hereto a non-exempt employee within the

meaning of the FLSA, and the Maryland Labor & Employment Code, and the implementing

rules and regulations of the FLSA and the Maryland Labor & Employment Code.

8.      Plaintiff is filing this FLSA claim as an individual action for himself.

2

9.      For the period commencing on or about September 22, 2008, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

10.     Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

11.     Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

12.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

13.     Plaintiff was not fully paid for even the regular wages for the period of commencing on September 11, 2011 through August 6, 2012.

14.     Plaintiff worked Monday through Saturday.

15.     Plaintiff regularly worked more than 40 hours per week while employed by Defendants.

16.     Plaintiff performed manual labor for Defendants in the refrigerator.

17.     Plaintiff also performed clerical work for Defendants in the office.

18.     Plaintiff was initially promised for a work as Operations Research Analyst.

19.     Plaintiff was assigned to the said manual labor and clerical work by Defendants.

20.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

21.     Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendant.

22.     Plaintiff was required to report to work for Defendants at a certain time.

23.     Plaintiff could not set his own hours of work for Defendants.

24.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

25.     Defendant, True World Foods DC LLC, is and was at all relevant times hereto a Delaware Limited Liability Company with its principal office in Maryland at 10640 Iron Bridge Road, Suites 5 & 6, Jessup, MD 20794.

26.     Defendant, True World Foods DC LLC, is registered with the state of Maryland with its registered agent: CSC-Lawyers Incorporating Service Company at 7 St. Paul Street, Suite 1660, Baltimore MD 21202.

27.     Defendant, True World Foods DC LLC, is and was at all relevant times hereto engaged in the business of a wholesale distribution of seafood products.

28.     Defendant, True World Foods DC LLC, is and was at all relevant times hereto engaged in the said wholesale distribution of the said products to customers in the states of Massachusetts, California, Pennsylvania, New Jersey, Washington, Texas, etc.

29.     Defendant, True World Foods DC LLC, is and was at all relevant times hereto engaged in the interstate commerce.

30.     Upon information and belief, the annual gross sale of Defendant True World Foods DC LLC exceeds $500,000.00.

31.     Defendant Teiichi Morikawa was the operator of the corporate Defendant, True World Foods DC LLC from about October 2008 to about July 2010.

32.     Defendant Teiichi Morikawa managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

4

33.     Defendant Teiichi Morikawa participated in and approved of the unlawful pay practices of the corporate Defendant True World Foods DC LLC.

34.     Defendant Teiichi Morikawa was involved in assigning work to Plaintiff.

35.     Defendant Teiichi Morikawa had the power and authority to discipline Plaintiff.

36.     Defendant Teiichi Morikawa exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

37.     Defendant Teiichi Morikawa hired Plaintiff.

38.     Defendant Teiichi Morikawa was in charge of paying employees.

39.     Defendant Teiichi Morikawa told Plaintiff where to work and when to work.

40.     Defendant Kazumasa Matsuda is the operator of the corporate Defendant, True World Foods DC LLC.

41.     Defendant Kazumasa Matsuda managed, supervised, established and administered the terms and conditions of Plaintiff's employment from about September 2011 to about August 2012.

42.     Defendant Kazumasa Matsuda participated in and approved of the unlawful pay practices of the corporate Defendant True World Foods DC LLC.

43.     Defendant Kazumasa Matsuda was involved in assigning work to Plaintiff.

44.     Defendant Kazumasa Matsuda had the power and authority to discipline Plaintiff.

45.     Defendant Kazumasa Matsuda exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

46.     Defendant Kazumasa Matsuda fired Plaintiff.

47.     Defendant Kazumasa Matsuda was in charge of paying employees.

48.     Defendant Kazumasa Matsuda told Plaintiff where to work and when to work.

49.     Defendants employed Plaintiff to do work for them in the State of Maryland.

50.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

51.     Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

52.     Defendants held Plaintiff out as an employee.

53.     At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

54.     At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

55.     At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

56.     Defendants employed and paid Plaintiff as their employee.

57.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-401(b), and the Maryland Wage Payment and Collection Act, §3-501 (b).

58.     Defendants failed to fully pay Plaintiff for hours worked for even the regular wages for the period of commencing on September 11, 2011 through August 6, 2012.

59.     Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of 40 hours per workweek.

60.     Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

61.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

62.     Defendants never obtained legal advice or counsel that its overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

63.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

64.     No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

65.     Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

66.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

**Count I: Violation of FLSA**

67.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

68.     Plaintiff is entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 206-207.

69.     Defendants violated the provision of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiff all overtime compensation due to him under the FLSA and its implementing regulations.

70.     Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

71.     By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiff in an amount equal to the unpaid overtime, unpaid overtime penalties/liquidated damages, all other applicable penalties, and attorney's fees and costs, pre-and post judgment interest.

72.     Relief requested: Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff for all overtime hours; (b) liquidated damages be assessed against Defendants; (c) Plaintiff be awarded pre-and post-judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs.

## Count II: Violation of MWHL, Failure to Pay Overtime

73.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

74.     Plaintiff was required to work in excess of forty (40) hours during a workweek.

75.     Defendants willfully violated the provisions of the Maryland Wage and Hour Act by failing to compensate Plaintiff for overtime hours worked.

76.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived overtime in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs.

77.     Relief requested: Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff for all overtime hours; (b) liquidated damages be assessed against Defendants;  (c) Plaintiff be awarded pre-and post-judgment interest; and (d) Plaintiff be awarded her attorney's fees and costs.

### Count III: Violation of MWPCA

78.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

79.     Defendants failed to fully pay Plaintiff for the work he performed for the period of commencing on September 11, 2011 through August 6, 2012.

80.     Defendants failed to pay the required overtime wage to Plaintiff throughout his employment

81.     Defendants' failure to timely pay all wages due to Plaintiff violates the MWPCA, Md. Code Ann., Labor & Empl. § 3-502.

82.     Pursuant to the MWPCA, Md. Code Ann., Labor & Empl. § 3-502, Defendants were and are obligated to pay Plaintiff for all wages earned on a regular basis.

83.     Defendants' actions in failing to pay wages for all hours worked and overtime wages were willful violations of the MWCPA.

84.     There is no bona fide dispute as to the wages owed to Plaintiff.

85.     Relief requested: Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff the wages owed and for all overtime violations; (b) Plaintiff be awarded treble damages;  (c) Plaintiff be awarded pre-and post-judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and in favor of him individually, as follows:

A. On Count I: Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff for all

overtime hours; (b) liquidated damages be assessed against Defendants; (c) Plaintiff be

awarded pre-and post-judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs;

B.  On Count II: Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff for all overtime hours; (b) liquidated damages be assessed against Defendants;  (c) Plaintiff be awarded pre-and post-judgment interest; and (d) Plaintiff be awarded her attorney's fees and costs; and

C.  On Count III: Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff the wages owed and for all overtime violations; (b) Plaintiff be awarded treble damages;  (c) Plaintiff be awarded pre-and post-judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs.

Respectfully submitted,

Sung Hyun JI

By his counsel:
Ryu & Ryu, PLC
Attorney for Plaintiff
301 Maple Ave West
Suite 620
Vienna VA 22180

By:     (Michael) Hyunkweon Ryu
        Federal Bar ID: 17805
Its:    Member

Dated: August 27, 2012

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide his claim.

Sung Hyun JI

By his counsel:
Ryu & Ryu, PLC
Attorney for Plaintiff
301 Maple Ave West
Suite 620
Vienna VA 22180

By:    (Michael) Hyunkweon Ryu
        Federal Bar ID: 17805
Its:    Member

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sung Hyun Ji
207 Shaw Ave., Silver Spring, MD 20904

**DEFENDANTS**

True World Foods DC LLC; Teiichi Morikawa; and Kazumasa Matsuda

(b) County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Howard County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Ryu & Ryu, PLC  703-319-0001
301 Maple Avenue West, Suite 620, Vienna, VA 22180

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1   Original Proceeding | ☐ 2   Removed from State Court | ☐ 3   Remanded from Appellate Court | ☐ 4   Reinstated or Reopened | ☐ 5   Transferred from another district *(specify)* | ☐ 6   Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC §§ 206, 207

Brief description of cause:
owed wages and overtime

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                DOCKET NUMBER

DATE   August 27, 2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE